No. 18-0034 – *State ex rel. Smith v. Sims*

WALKER, J., dissenting:

**FILED**
**June 4, 2018**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Though I agree with the points made by Justice Loughry in his dissent, I write separately to identify two additional critical flaws with the majority's rationale.

First, the majority opinion incorrectly states, "[t]his Court affords trial judges a wide range of discretion in determining whether newly-discovered evidence warrants the grant of a new trial." The majority fails to identify any West Virginia law or precedent to support this statement, citing instead only a nonbinding opinion from another state[1] and an opinion from this Court that generally recognizes that trial courts have "discretion."[2] To the contrary, in *State v. Frazier*[3] this Court set forth particular elements that a defendant must prove before a new trial may be granted. In the absence of those elements, granting a new trial is an abuse of discretion—no matter how wide. And, as Justice Loughry's dissent accurately notes, those elements were not satisfied here. To the extent the majority relies on this so-called "wide range of discretion" in awarding the Defendant a new trial, it is a misstatement of this Court's precedent and an improper consideration.

---

[1] *State v. Pinder*, 114 P.3d 551, 565 (Utah 2005).

[2] *State ex rel. Smith v. McBride*, 224 W. Va. 196, 206, 681 S.E.2d 81, 91 (2009).

[3] Syl., *State v. Frazier*, 162 W. Va. 935, 253 S.E.2d 534 (1979).

1

Second, the majority summarily dismisses the State's argument that the trial court erred in concluding that the Defendant diligently attempted to secure Mr. Banks's testimony at trial and effectively imparts a duty on the prosecutor to actively locate witnesses for the defense. The majority considers only one of the State's arguments on this matter—that the Defendant knew Mr. Banks could have been contacted at his sister's address because the State provided it to the Defendant in its initial discovery disclosure. The majority altogether fails to acknowledge that the Defendant never attempted to contact Mr. Banks at the location provided by the State. As Justice Loughry points out in his dissent, "the only affirmative action that defense counsel took to contact Mr. Banks was to send a text message to a telephone number obtained from one of Mr. Banks's acquaintances." Further, the Defendant did not move to continue the trial to attempt to find Mr. Banks, but instead chose to proceed without his testimony.

Despite referring to it as a "mandatory component of *Frazier*," the majority pays only lip service to what it calls the "'reasonable diligence' prong" then guts it of this purpose entirely—once again citing only a nonbinding opinion from another jurisdiction.[4] The majority inaccurately states that "the trial court's primary focus was properly on the significance and impact of the newly discovered evidence, not upon the failings of counsel or whether counsel's lack of diligence was so unjustifiable it fell below constitutional standards." To conclude as much is to essentially remove this mandatory consideration

---

[4] *People v. Soojian*, 118 Cal. Rptr. 3d 435, 454 (Cal.App.Ct. 2010).

altogether and give the green light for a new trial every time a witness's testimony cannot be secured even where—as in this case—no meaningful action is taken to secure it.

So, I would grant the State's petition for prohibition and, therefore, I respectfully dissent.